IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:26-cv-00948-SKC

DAMIR ASKAROV,

     Petitioner,

v.

JUAN BALTAZAR, *et al.*,

     Respondents.

---

**ORDER**

---

Petitioner Damir Askarov is a citizen of Uzbekistan. Dkt. 1, ¶12. He arrived in the United States on April 4, 2023, and applied for asylum. *Id.* ¶16. On June 21, 2025, Immigration and Customs Enforcement ("ICE") contacted Petitioner by phone and instructed him to appear for a routine check-in. *Id.* ¶17. When he appeared for his appointment, however, they took him into custody and he's been detained at an immigration facility in Denver since June 23, 2025. *Id.* ¶¶18-20.

On August 21, 2025, an immigration judge ("IJ") found that Petitioner was inadmissible under the Immigration and Nationality Act, but he faced a probability of future torture or death if he returned to Uzbekistan. Dkt. 1-1. The IJ, therefore, issued an Order withholding his removal to Uzbekistan on that basis. *Id.* Neither

party appealed the decision and it became final on September 22, 2025. Dkt. 7-1, ¶16.

On December 8, 2025, ICE conducted a Post Order Custody Review ("POCR") under 8 C.F.R. § 241.4. *Id*. ¶20. Based on the POCR, ICE continued to detain Petitioner after determining he was a flight risk. *Id*. Respondents contend they are working to select a third country for Petitioner's removal. *Id*. ¶21.

Petitioner filed this action on March 9, 2026. He asserts that his continued detention by ICE violates 8 U.S.C. § 1231(a)(6), his due process rights under the Fifth Amendment of the United States Constitution, and the Administrative Procedures Act. *Id*. 13-14. He specifically claims that under *Zadvydas v. Davis,* 522 U.S. 678 (2001), his detention has exceeded the presumptively reasonable six-month period and that his removal is not likely to occur in the reasonably foreseeable future. Dkt. 1, ¶¶31-36, 62-65. In support, Petitioner alleges that (1) he cannot be removed to his native country, Uzbekistan, since he has been granted withholding of removal, and (2) Respondents have failed to show that removal to a third county is likely to occur in the reasonably foreseeable future. *Id*. ¶¶34-36. As relief, Petitioner seeks immediate release from ICE custody.[1]

Respondents, for their part, acknowledge that as of the date of their filing

---

[1] Petitioner also seeks an order enjoining Respondents from removing him to any third country without providing 30 days' notice and a meaningful opportunity to seek fear-based protection. *Id*. p.15. However, he has not provided any evidence that Respondents are likely to remove him without notice or an opportunity to be heard and the Court will not grant relief based on speculation.

Petitioner had been detained six months and one day since the date his removal order became final. Dkt. 7, pp.7-8. Respondents further state that "[a]t this time, Respondents do not have information to present to the Court concerning their efforts to remove Petitioner to a third country." *Id.* p.8.

The Court has jurisdiction over this matter under Section 2241 of Title 28, which authorizes it to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[T]he traditional function of the writ is to secure release from illegal custody." *Id.* Noncitizens may properly challenge the lawfulness of their detention through habeas proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001).

The Court has considered the Petition, the Response, the various attachments, and the governing law. Because Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. For the reasons shared below, the Court GRANTS the Petition.

## ANALYSIS

The detention, release, and removal of noncitizens ordered removed from the United States is governed by 8 U.S.C. § 1231. When a noncitizen is ordered removed, removal should ordinally be effectuated within a period of 90 days, known as the "removal period." 8 U.S.C. § 1231(a)(1); *see also Morales-Fernandez v. I.N.S.,* 418 F.3d

3

1116, 1123, (10th Cir. 2005). During the removal period, the noncitizen must be detained. 8 U.S.C. § 1231(a)(2)(A). After the removal period has expired, however, the noncitizen "may be detained." 8 U.S.C. § 1231(a)(6).

The Supreme Court has determined that when "read in light of the Constitution's demands," Section 1231(a)(6) "limits [a noncitizen's] post-removal-period [of] detention to a period reasonably necessary to bring about that [noncitizen's] removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). It concluded that a six-month detention period is presumptively reasonable to achieve that goal. *Id*. at 701. The Supreme Court then held that after six months, the noncitizen challenging his detention bears the initial burden to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" and once he does so, "the Government must respond with evidence sufficient to rebut that showing." *Id. See also Soberanes v. Comfort*, 388 F.3d 1305, 1310-11 (10th Cir. 2004) (stating "the onus is on the [noncitizen] to 'provide[] good reason to believe that there is no [such] likelihood' before 'the Government must respond with evidence sufficient to rebut that showing.'") (quoting *Zadvydas*, 533 U.S. at 701) (brackets in original). If the government meets its burden, continued detention is permitted; but if the government fails to demonstrate a significant likelihood of removal in the reasonably foreseeable future, the noncitizen must be

4

released. *Zadvydas*, 533 U.S. at 701.[2]

Lastly, the government should remove noncitizens to either: (i) the country of which the noncitizen is a citizen, subject, or national; (ii) the country in which the noncitizen was born; or (iii) the country in which the noncitizen has a residence. 8 U.S.C. § 1231(b)(1)(C)(i)-(iii). If removal to any of those countries is impracticable, inadvisable, or impossible, then removal can be to any country with a government that will accept the noncitizen into its territory. 8 U.S.C. § 1231(b)(1)(C)(iv). However, noncitizens may not be removed to a country if the Attorney General decides that their life or freedom would be threatened in that country because of the noncitizens' race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A).

## A.    Petitioner's Detention Exceeds the Presumptively Reasonable Period.

Petitioner claims that his current detention is unlawful under *Zadvydas* and violates his due process rights under the Fifth Amendment. Dkt. 1. To be sure, there is no dispute that Petitioner's detention has exceeded the presumptively reasonable six-month period for effectuating his removal established by the Supreme Court in

---

[2] *Zadvydas* dealt with a noncitizen who was deemed removable after gaining admission to the United States. *Id.* at 682. But its holding has since been expanded to apply to noncitizens who are deemed inadmissible. *Clark v. Martinez*, 543 U.S. 371, 378-379 (2005); *see also Morales-Fernandez*, 418 F.3d at 1123-24 (noting that *Clark* expanded the holding of *Zadvydas* to apply to inadmissible noncitizens and granting an inadmissible noncitizen's habeas petition).

*Zadvydas*. *See* Dkt. 7, pp.7-8 ("To date (March 23, 2026), Petitioner has been detained for six months and one day since his removal order became final."). As of the date of this Order, he has been in detention for six months and five days.

**B.      He is Not Likely to be Released in the Reasonably Foreseeable Future.**

And Petitioner has provided the Court with good reason to believe that his removal is not likely to occur in the reasonably foreseeable future. It is undisputed that Petitioner cannot be removed to his native country, Uzbekistan, since he has been granted withholding of removal. Dkt. 1-1. In addition, Petitioner explains that he has no status in any other country. Dkt. 1, ¶36. Petitioner also states that Respondents have not identified any third country for his removal or a diplomatic agreement that might make his removal anything more than theoretical. *Id*. And they have not provided Petitioner with any travel documents. *Id*. Accordingly, Petitioner has satisfied his burden under *Zadvydas*. *See e.g., Castellano v. U.S. Dep't of Homeland Security,* 2026 WL 47273, at *3-4 (D. Colo. Feb. 19, 2026) (finding petitioner satisfied his burden where petitioner could not be removed to Cuba because immigration judge granted petitioner's withholding of removal and respondent's only progress in deporting petitioner was to "nominate" him for deportation to Mexico and respondent failed to deport him to Mexico on two separate occasions); *Ahrach v. Baltazar,* 2025 WL 3227529, at *4 (D. Colo. Nov. 19, 2025) (finding petitioner met her burden where she had been detained for over six months and only efforts made by respondents to remove her was to solicit acceptance from other countries).

Because Petitioner has satisfied his burden under *Zadvydas,* it now shifts to Respondents to present sufficient evidence to show that removal is likely. *Zadvydas,* 533 U.S. at 701. As noted above, however, Respondents acknowledge that "[a]t this time, [they] do not have information to present to the Court concerning their efforts to remove Petitioner to a third country." Dkt. 7, p.8. *See also* Dkt. 7-1, ¶21 ("DHS and the U.S. Department of State are working in coordination to evaluate and select a third country for Petitioner's removal."). But *Zadvydas* rejected the proposition that continued detention is permissible "as long as good faith efforts to effectuate . . . deportation continue." 533 U.S. at 702 (internal quotations and citation omitted). Instead, the government must make legitimate progress towards removal. *See Hassoun v. Sessions*, 2019 WL 78984, at \*5 (W.D.N.Y. Jan. 2, 2019) ("the reasonableness of Petitioner's detention turns on whether and to what extent the government's efforts are likely to bear fruit. Diligent efforts alone will not support continued detention.").

Respondents have provided no evidence showing progress towards Petitioner's removal to a third country. Instead, they offer to provide a status report in 30 days providing an update on their progress. Dkt. 7, p.8. Other courts have granted habeas petitions under *Zadvydas* when the government has not offered evidence of progress towards removal. *See e.g., Ahrach,* 2025 WL 3227529, at \*4 (respondents' attempts to solicit acceptance from other countries was insufficient to rebut petitioner's showing as to likelihood of removal); *Castellano,* 2026 WL 47273, at \*3-4 (respondents'

argument that they nominated petitioner for removal to Mexico and successfully executed removals of Cubans to Mexico was insufficient to meet respondents' burden). To be sure, this Court too rejected such an offer in *Koridze v. ICE Field Office Director*, No. 25-cv-3870-SKC (D. Colo. Mar. 6, 2026), and is not persuaded that a different outcome is warranted here.

Finally, Respondents indicate they have continued to detain Petitioner because he failed to demonstrate that, if released, he would not pose a significant risk of flight pending removal from the United States. Dkt. 7-1, ¶20. Under *Zadvydas*, however, whether Petitioner is a flight risk has no bearing on the constitutionality of his continued detention. One of the petitioners in *Zadvydas* had a history of flight from both criminal and deportation proceedings. 533 U.S. at 684. Nevertheless, the Supreme Court held that preventing flight provides a "weak or nonexistent" justification for indefinite civil detention "where removal seems a remote possibility at best." *Id.* at 690. Thus, even if Petitioner does present a flight risk, that fact does not permit his continued detention when there is no evidence that removal is likely in the reasonably foreseeable future.

Based on the record, the Court finds Petitioner has shown good reason to believe that his removal to a third country is not likely in the reasonably foreseeable future, and Respondents have not rebutted this showing. Accordingly, because the Court finds that Respondents have detained Petitioner in violation of the Fifth Amendment and *Zadvydas,* the Court will grant Petitioner's habeas petition and will

order his release from custody under 28 U.S.C. § 2241(c)(3).

\*       \*       \*

For the reasons shared above, Mr. Damir Askarov's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is **GRANTED** and the Court **ORDERS** as follows:

1. Respondents are **ORDERED** to release Petitioner from custody immediately, but no later than within **12 hours** of this Order. Respondents may not impose on Petitioner any additional conditions of release or supervision beyond those Petitioner was subject to in connection with his preexisting order of supervision and immediately prior to his recent detention.

2. If Petitioner resides outside of Colorado and is only in this state because Respondents transferred him here, Petitioner shall remain in Respondents' temporary custody for the sole purpose of Respondents effectuating his return to his place of residence.

3. If necessary, Respondents **SHALL** transport Petitioner back to his place of residence outside of Colorado, **at their own expense**, within **36 hours** of the date and time of this Order.

4. To effectuate the purpose of this Court's Order and allow Petitioner to return home, Respondents are also **temporarily enjoined** from detaining Petitioner for a period of **FOURTEEN DAYS**.

5.  Respondents **SHALL FILE** a status report within **THREE DAYS** of this Order certifying compliance. Because the Court's ruling affords Petitioner the relief he seeks, the Court need not address Petitioner's arguments regarding the Administrative Procedures Act.

DATED: March 27, 2026, 3:57 PM.

BY THE COURT:

S. Kato Crews
United States District Judge